**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| ALLISON DIXON, | Civil Action No. |
| | 2:11-CV-1409-ES-SCM |
| Plaintiff, | |
| v. | |
| | **[D.E. 67]** |
| RUTGERS UNIVERSITY FACILITIES MAINTENANCE SERVICES, ET AL., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is plaintiff Allison Dixon's (hereinafter "Plaintiff" or alternatively, "Dixon") Motion to Remand this case to the Superior Court of New Jersey, Middlesex County. (Docket Entry ("D.E.") 67). The motion was filed on February 12, 2013. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Esther Salas, United States District Judge, has referred the instant motion to the undersigned for report and recommendation.

The Court reviewed the parties' respective submissions and

1

oral argument held on April 11, 2013.[1] (D.E. 67, 72, 75, and 79).
Having considered the parties' respective submissions and the
oral arguments of all counsel, for the reasons summarized at
oral argument and set forth herein, it is respectfully
recommended that Plaintiff's Motion to Remand be **denied.**

Nonetheless, in consideration of the Federal Rule of Civil
Procedure 41(a)(2) dismissals of all Federal claims and all
state law claims against defendants AFSCME Local 888, Michael
Holland, and the unknown defendants, and this Court's on-going
obligation to evaluate the propriety of exercising supplemental
jurisdiction over state law claims, it is further recommended
for the reasons set forth below that this Court decline
supplemental jurisdiction and remand this action to the Superior
Court of New Jersey.

---

[1] Although this Report only addresses the Motion to Remand, also
before the Court were Plaintiff's motions to Amend her Complaint
[D.E. 52] and to extend discovery [D.E. 64]. Those motions are
addressed in the bench decision placed on the record on April
24, 2013. (D.E. 81).  The Court converted the Motion to Amend
into a Motion to Supplement pursuant to Federal Rule of Civil
Procedure 1 and granted the motion in part and denied it in
part. The Court has since also extended fact and expert
discovery and entered an Amended Scheduling Order. In addition,
the Court also granted Plaintiff's Federal Rule of Civil
Procedure 41(a)(2) requests to dismiss all Federal claims and
all state law claims against defendants AFSCME Local 888,
Michael Holland, and the unknown defendants.

II.    **BACKGROUND**

On January 10, 2011, Plaintiff filed an eight-count Complaint in the Superior Court of New Jersey, Law Division alleging that defendants are liable to her for violating, among other state laws, the New Jersey Law Against Discrimination ("NJLAD"), the New Jersey Constitution, and certain federal statutes such as the Civil Rights Act of 1964 and the Equal Pay Act of 1963 ("EPA"). (D.E. 1-3, Notice of Removal ("NOR")-Plaintiff's Complaint (Exhibit A)). On March 10, 2011, pursuant to 28 U.S.C §§ 1441 and 1446 and with jurisdiction in the Court predicated on 28 U.S.C. § 1331(a) (federal question jurisdiction), counsel for defendants Rutgers, the State University of New Jersey, Antonio Calcado, Helen McCloskey and Alicia Rodriguez (hereinafter collectively referred to as "Rutgers"), with consent from the other named defendants, filed a Notice of Removal in this Court.[2] (D.E. 1-2, NOR - Declarations

---

[2] The Notice of Removal was procedurally defective in so far as the summons and other proof of process were not appended as required by 28 U.S.C. § 1446(a). Therefore, this Court was without sufficient proofs to verify whether Defendants' Notice of Removal was actually timely filed pursuant to § 1446(b), which requires that the Notice of Removal be filed within 30 of the receipt of the Complaint by service or otherwise. However, this procedural defect has been rendered moot by Plaintiff's failure to file a timely Motion to Remand pursuant to § 1447(c), which requires said Motion to be filed within 30 days of the Notice of Removal. Also, in the opening paragraph the Notice of Removal states, in error, that removal was predicated on 28

of Consent (Exhibit B)). Subsequently, all named Defendants filed Answers to the Complaint. (D.E. 7, 8, 9).

By way of the Pre-trial Scheduling Order dated July 7, 2011, the deadline for filing motions to amend pleadings and/or to add new parties was set for September 16, 2011. [D.E. 21]. On January 26, 2012, Plaintiff was permitted to file an out-of-time Motion for Leave to Amend her Complaint to include claims and allegations pertaining to her December 2011 termination. This was the first of Plaintiff's numerous attempts to supplement her Complaint with claims for violations of Due Process rights, Equal Protection (state and federal) and wrongful, retaliatory termination.(D.E. 25, Plaintiff's Motion for Leave to Amend/Correct Second Amended Complaint).[3]

By way of a Letter Order dated March 16, 2012, this Court denied Plaintiff's first Motion to Amend her Complaint without prejudice, permitting Plaintiff to file a new motion to amend the Complaint within seven (7) days. (D.E. 32, Judge Waldor's

---

U.S.C. § 1332 (diversity jurisdiction). This error was corrected in paragraph number and others that state that jurisdiction was predicated on 28 U.S.C. 1331(a) (federal question).

[3] It is not clear to the Court why Plaintiff styled her Motion as a Motion to Amend/Correct a Second Amended Complaint as there is no record of a First Amended Complaint or a Second Amended Complaint in this action. Presumably, this was a misnomer by Plaintiff because the operative Complaint, attached as Exhibit A

March 2012 Letter Order).  On April 1, 2012, Plaintiff filed another Motion to Amend her Complaint (with a revised Proposed Amended Complaint). (D.E. 37, Plaintiff's Second Motion to Amend).  Then, on May 14, 2012, Plaintiff submitted an out-of-time Reply to Defendants' Opposition to Plaintiff's Motion to Amend, and in said Reply, Plaintiff expressed her desire to withdraw the revised Amended Complaint submitted on April 1, 2012 and requested leave to file another Motion to Amend with a redrafted Amended Complaint containing, for the first time, a § 1985(3) claim for civil conspiracy against defendants Rodriguez, McCloskey and a then unnamed non-party alleged co-conspirator.[4] (D.E. No. 39, Plaintiff's May 14, 2012 Reply ("Pl. Reply")).

By way of Judge Waldor's Letter Order dated June 18, 2012, this Court ordered that Plaintiff's Motion to Amend be terminated because Plaintiff's Motion contained significant procedural defects. (D.E. No. 48, Judge Waldor's June 2012 Letter Order).  In her June Letter Order, Judge Waldor detailed the "tortured history" of this case in general, and in particular, Plaintiff's previous failed efforts to properly move to amend her Complaint, opining in relevant part:

_____

to Defendants' Notice of Removal, is captioned simply as 'Complaint'.
[4] Presumably, this unnamed alleged co-conspirator is Carol Trexler, the party Plaintiff seeks to join via the instant Motion to Amend the Complaint and Add and Additional Party.

5

> This case has a tortured procedural history. Plaintiff has been attempting to amend her first amended complaint since late January 2012 to add new facts and claims resulting from Plaintiff's termination in December 2011. Plaintiff's initial formal motion to file a first amended complaint was denied without prejudice on March 16, 2012 after Plaintiff's attempts to follow the procedural guidelines proved unsuccessful. (Docket Entry No. 32). Specifically, Plaintiff continued to submit proposed amended complaints with changes that were not put forward or discussed in Plaintiff's moving papers for the Court's review.   In keeping with Fed.R.Civ.P. 15(a)(2)'s liberal pleading standard, however, the Court gave Plaintiff an additional opportunity to file a formal motion to amend the complaint. (Id.). *See Dole v. Arco Chem. Co.*, 921 F.2d 484 (3d Cir. 1990).[2] This leads us to our present conundrum. As noted above, Plaintiff asks this Court to give Plaintiff and her counsel yet another chance to clarify and correct the complaint. Out of an abundance of caution and in light of the fact that this Circuit prefers that "a particular claim . . . .be decided on the merits rather than on technicalities," the Court grants Plaintiff leave to file her third formal motion to file a first amended complaint. Id. at 487.  **This will be Plaintiff's last opportunity to file a proper motion to amend and must comply with all federal and local rules.** [sic]

*Id*.

On July 13, 2012, Plaintiff filed her third formal Motion to Amend her Complaint. (D.E. No. 52, Plaintiff Third Motion to Amend).  As an exhibit to her Motion to Amend Plaintiff attached a Proposed First Amended Complaint in which she added various allegations of retaliatory termination and federal Due Process claims- in addition to the various state and federal claims that were contained in her original Complaint. *See* (D.E. 52-3). Defendants filed a timely opposition to Plaintiff's Motion to

Dismiss and Plaintiff replied in a timely fashion. (D.E. 53, 54).

By Order of the Court dated November 20, 2012, all claims against defendants John Lemongelli and Gerard O'Donnell were dismissed with prejudice and all claims against defendant Anthony Armenti were dismissed without prejudice. [D.E. 60, Order of Dismissal].

On January 10, 2013, Plaintiff filed a Motion to Extend Discovery, the substance of which concerned the filing of Plaintiff's expert reports- specifically her medical reports. (D.E. 64, Plaintiff's Motion to Extend Discovery).

Plaintiff filed the instant Motion on February 12, 2013. (D.E. 67, Plaintiff's Motion to Remand). Plaintiff submitted as an exhibit to her motion a Proposed First Amended Complaint which, if allowed, would abjure all of her federal claims. *See* (D.E. 67-2). In the instant motion, Plaintiff argues that because she abjured all of her federal claims, this Court no longer has federal question subject matter jurisdiction over the instant action. (D.E. 52-1, Plaintiff's Moving Brief ("Pl. Br." at 3). Defendant filed a timely Opposition (D.E. 72) and Plaintiff replied (D.E. 75).[5]

---

[5] Defendants AFSCME Local 888 and Michael Holland filed a separate Opposition Brief. (D.E. 74). However, because these

7

### III.   <u>SUMMARY OF PARTIES' POSITIONS</u>

#### A. Plaintiff's Moving Brief

In her Motion to Remand, Plaintiff posits that the instant action must be remanded because this Court no longer has subject matter jurisdiction over this action due to the fact that her Proposed Amended Complaint, as submitted with the instant Motion, no longer contains any federal questions. (D.E. 67-2, Plaintiff's Moving Brief ("Pl. Br.") at 3, 4). Plaintiff also argues in her Motion to Remand, presumably to justify the submission of an untimely proposed amended complaint that abjures all federal claims, that she should be granted leave to amend her Complaint. *Id.* at 4. Additionally, Plaintiff also argues that because New Jersey law predominates and because there are novel issues of state law (with respect to her newly styled Proposed First Amended Complaint) this Court should decline to continue to exercise supplemental jurisdiction over the instant action. In making this argument Plaintiff acknowledges that the Court has discretion pursuant to 28 U.S.C. § 1367(c), to decide whether the continued exercise of supplemental jurisdiction over state claims is proper. *Id.* at 4-5.

---

defendants were dismissed pursuant to Fed.R.Civ.P. 41(a)(2), their arguments are not considered here.

## B. Defendants' Opposition Brief

In their Opposition Brief, defendants allege that Plaintiff moved to remand as an attempt to evade this Court's discovery Orders. (D.E. 72, Defendants' Opposition Brief ("Df. Opp. Br.") at 3, 4). Defendants further argue that Plaintiff's attempt to seek remand is procedurally deficient in so far as her Motion to Remand is based on a Proposed First Amended Complaint for which she did not follow appropriate procedure to file and did not receive leave from the Court to file.[6] *Id.* Additionally, defendants argue that they will be prejudiced if the case is remanded, as they have relied on this Courts various rulings in preparing their defenses. *Id.* at 4. Finally, defendants assert that Plaintiff's Motion to Remand is an attempt to engage in improper forum manipulation. *Id.* at 8-10.

## C. Plaintiff's Reply

In her reply, Plaintiff argues that remand is mandatory pursuant to 28 U.S.C. 1447(c) (again, based on Plaintiff's Proposed First Amended Complaint). (D.E. 75, Plaintiff's Reply

---

[6] Regarding Plaintiff's motion to amend as contained in her Motion to Remand, Defendants argue, in addition to it being procedurally defective, that Plaintiff's motion to amend should fail due to undue delay. (D.E. 72 at 4). This objection was addressed by the undersigned at oral argument and is reflected in the resultant Order of the Court that granted Plaintiff's actual Motion to Amend/Supplement in part and denied it in part.

Brief ("Reply Br.") at 7). Plaintiff further argues, without reference to any legal authority or to any distinguishing facts, against a strict interpretation of the case law that has established that a plaintiff's amendments to the complaint does not deprive the district court of subject matter jurisdiction. *Id.* at 8.[7]

IV.   **ANALYSIS**

As an initial point, the Court notes that a decision to remand is dispositive. *In Re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.")   Accordingly, the undersigned makes the

---

[7] The only case Plaintiff cites actually stands for the opposite proposition for which Plaintiff appears to be arguing. *See Allen v. Rite Aid, Inc.*, 1991 WL 148272 (Civ. A. No. 91-3835)(Here, the Court disagreed with the plaintiff's assertion that the dismissal of the only federal claim required remand of the case, opining: "in these circumstances, this court has discretion to retain jurisdiction over the removed action, remand the matter to state court, or in the alternative, dismiss the complaint." *Id.* at *2.

following report and recommendation to the assigned United States District Judge, the Honorable Esther Salas.

### A. Untimeliness of Plaintiff's Motion to Remand

The procedure for remand is governed by Title 28, Section 1447(c) of the U.S. Code, which states, in relevant part that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).  Therefore, only a Motion to Remand on the basis of lack of subject matter jurisdiction may be made after the statutorily established 30-day period immediately following the filing of the Notice of Removal. *Farina v. Nokia Inc.*, 625 F.3d 97, 114 (2010)(a remand motion made on the basis of "any defect other than lack of subject matter jurisdiction" must be filed within thirty days of the notice of removal. The failure to timely move for remand results in a waiver of the objection. *Wisconsin Dept. of Corrections*, *et al. v. Schacht*, 118 S.Ct. 2047, 2054, 524 U.S. 381, 141 L.Ed.2d (1998)(For cases in which removal is defective because of some reason other than lack of subject matter jurisdiction, such as untimeliness, there must be motion to remand filed no later than 30 days after filing of removal notice.).

11

Plaintiff, apparently under the belief that by abjuring all her federal claims would divest this Court of subject matter jurisdiction over the instant case, moved to remand this case some twenty-two (22) months after this case was removed. While Plaintiff's Motion to Remand purports to challenge this Court's subject matter jurisdiction over this case, the law is established in this jurisdiction that a district court can maintain subject matter jurisdiction over state claims after the federal claim(s) that provided the basis for original jurisdiction and upon which removal was predicated have been voluntarily dismissed. *Westmoreland Hosp. Ass'n v. Blue Cross, etc.*, 605 F.2d 119, 123 (1979)(A subsequent amendment to the complaint after removal designed to eliminate the federal claim will not defeat federal jurisdiction)citing *Hazel Bishop, Inc. v. Perfemme, Inc.*, 314 F.2d 399 (2d Cir. 1963).  The Supreme Court has made it clear that a district court's decision to decline to exercise supplemental jurisdiction over pendant state law claims is purely discretionary, opining:

> With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise (citation omitted). A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.(citations omitted)...As a result, the [district] court's exercise of its discretion under § 1367(c) is not a jurisdictional

matter...

*Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40, 129 S.Ct. 1862 (2009)).

Here, Plaintiff has conflated this Court's discretion to decline to hear remaining state law claims with this Court being required to remand a case after federal claims have been dismissed. As such, because Plaintiff fails to raise a *bona fide* subject matter jurisdiction question, her motion is untimely and should therefore be denied.

**B. Discretionary Exercise of Supplemental Jurisdiction**

At oral argument Plaintiff requested that this Court dismiss all of her Federal claims and her state law claims against the union defendants. Consistent with its obligation to continuously assess the propriety of exercising supplemental jurisdiction over state law claims, this Court must now determine whether Plaintiff's case should continue to proceed in district court. The Supplemental Jurisdiction statute states in relevant part that:

> The district courts may decline to exercise
> supplemental jurisdiction over a claim under
> subsection (a) if--
> (1) the claim raises a novel or complex issue of State
> law,
> (2) the claim substantially predominates over the
> claim or claims over which the district court has
> original jurisdiction,

13

> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Further, the Supreme Court, recognizing that a federal court's exercise of its supplemental (pendant) jurisdiction could conflict with the principle of comity with respect to states, opined in *Mine Workers v. Gibbs*, that a federal court's supplemental (pendent) jurisdiction is a doctrine of judicial discretion/abstention and advised that "considerations of judicial economy, convenience and fairness to litigants" all underscore a federal court's broad power to decide state-law claims that appear with a federal question claim. *Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130 (1966).

In *Carnegie-Mellon University, et al. v. Maurice B. Cohill, Jr.*, the Supreme Court applied the *Gibbs* broad judicial discretion standard for determining whether to hear state-law claims in the specific context of determining whether to remand state claims after the federal question claim had been dismissed by the party making a the Motion to Remand. *Carnegie-Mellon University, et al. v. Maurice B. Cohill, Jr.*, 484 U.S. 343 (1988).  In doing so, the *Carnegie-Mellon* Court opined that:

> Under *Gibbs,* a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness,

14

> and comity in order to decide whether to exercise
> jurisdiction over a case brought in that court
> involving pendent state-law claims. When the balance
> of these factors indicates that a case properly
> belongs in state court, as when the federal-law claims
> have dropped out of the lawsuit in its early stages
> and only state-law claims remain,[7] the federal court
> should decline the exercise of jurisdiction by
> dismissing the case without prejudice.

*Id.* at 350. Thus, as articulated by the Supreme Court in *Gibbs*

*and Carnegie-Mellon,* the district court has an obligation

throughout litigation to examine whether to continue to exercise

supplemental jurisdiction over state claims. The Court's

discretion in making the determination is meant to be applied

flexibly and is designed to allow the Court to deal with cases

involving pendent claims in the manner that most sensibly

accommodates a range of concerns and values.

The *Carnegie-Mellon* Court also addressed the issue of

whether (after applying the *Gibbs* framework and deciding that it

should decline to continue to exercise jurisdiction over the

case) the remaining state claims should be dismissed without

prejudiced or may they be alternatively remanded, stating:

> This Court's crafting of the pendent jurisdiction
> doctrine in *Gibbs* strongly supports the conclusion
> that when a district court may relinquish jurisdiction
> over a removed case involving pendent claims, the
> court has discretion to remand the case to state
> court. *Gibbs* itself does not directly address this
> issue; because the plaintiff in *Gibbs* filed his suit
> in federal court, remand was not an option in the
> case, and the Court spoke only of dismissal. But *Gibbs*
> establishes that the pendent jurisdiction doctrine is

> designed to enable courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity, and *Gibbs* further establishes that the Judicial Branch is to shape and apply the doctrine in that light. Because in some circumstances a remand of a removed case involving pendent claims will better accommodate these values than will dismissal of the case, the animating principle behind the pendent jurisdiction doctrine supports giving a district court discretion to remand when the exercise of pendent jurisdiction is inappropriate.

*Id*. at 351.

In *Carnegie-Mellon*, a former employee and his wife brought action for violations of federal and state age discrimination laws, wrongful discharge, breach of contract, intentional infliction of emotional distress, defamation, and misrepresentation; defendants/petitioners removed the case from state court to federal court; plaintiffs/respondents moved to amend their complaint abjuring their federal claims and for remand to state court; and after the district court judge remanded the case, defendants/petitioners appealed. *Id*. at 343. In holding that the federal district court had discretion to remand the removed case that involved pendent state law claims because the district court's retention of jurisdiction would be inappropriate, the Court, recognizing that *Gibbs* did not involve a question of remand, nonetheless stated that "*Gibbs* establishes that the pendent jurisdiction doctrine is designed to enable

16

courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity." *Id*. at 351. The Court also addressed the argument concerning "manipulative" forum shopping:

> ...If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims.

*Id*. at 357. Thus, in *Gibbs* and *Carnegie-Mellon*, the Supreme Court makes it very clear that the district court is permitted to take into consideration the particular circumstances of the case at bar in determining whether remand would be proper.

In the instance case, the facts and circumstances weigh heavily in favor of remand. Now that all of Plaintiff's federal claims and a number of defendants have been dismissed, the case has a distinctively different posture from its earlier iteration. First and most obviously, because Plaintiff's claims are proceeding exclusively under the NJLAD statute and the New Jersey Constitution, the Superior Court of New Jersey's interest in adjudicating this matter is substantially greater than that of the district court. Thus, comity is best served by remand.

Despite the fact that that this case has proceeded for

nearly two years in federal court, discovery to not begin until after the July 2011 initial scheduling conference, defendants did not produce discovery until November or December 2011, and discovery has been limited to pre-trial matters that have not unduly prejudiced those same remaining defendants.  Also, the discovery that has taken place thus far has not been in vain as the same or similar discovery would have almost certainly occurred had the case been in state court.  More pertinently, the additional discovery to be taken will occur whether the case remains in federal court or is remanded; therefore, remand cannot be reasonably viewed as exposing Rutgers to significant additional discovery costs and expenses.  Further, the Court's recent orders have effectively reduced Plaintiff's claims and streamlined the case, which translates into fewer claims for Rutgers to defend against moving forward.

The argument against remand that may have the strongest rhetorical appeal, that by remanding the case, the parties have to effectively "get to the back of the line" with respect to the Superior Court docket is not persuasive for two reasons.  First, as a remand the case is likely to be assigned its former docket number- MID-L-311-11.  Second, a potential alternative to remanding the instant action would have been separate litigation if this Court had denied Plaintiff's Motion to Amend with

respect to her retaliatory termination allegations.   Had that happened it would have been denied without prejudice. Therefore, Plaintiff would have been free to pursue those claims in Superior Court.   As such, both parties would have been exposed to the time, costs and other burdens associated with simultaneously litigating two cases that derive from the same nucleus of operative facts in two different forums. Consequently, remanding this case to Superior Court best serves the interests of judicial economy, convenience and fairness to all litigants.

Finally, the facts do not support a finding of forum manipulation.   The stated reasons for remand included an effort to streamline the litigation which Plaintiff did by not only dismissing her federal claims against all defendants, but doing so with prejudice.   Likewise, Plaintiff also requested the dismissal of all state law claims against the union defendants. Defense counsel did not oppose either request to dismiss claims against their respective clients.   Had this been an effort to manipulate the Court, it is likely that Plaintiff would have maintained her state claims.[8]

---

[8] Even though the state claims were only dismissed without prejudice, Plaintiff is no doubt aware that if the dismissed claims were re-filed in Superior Court she would be exposed to the remedies available to the defense under New Jersey Court Rule 4:37-4 (costs of voluntarily dismissed action).

Also, Plaintiff and her counsel originally brought this action in the Superior Court of New Jersey. The tortured procedural history of this case in the District Court suggests a lack of familiarity with this Court's procedures. Plaintiff's request to return to her chosen forum under these circumstances evidences good judgment, not gamesmanship. For these reasons, this Court is satisfied that Plaintiff has not engaged in impermissible forum shopping by dismissing her federal claims.

###### V. **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Remand be **denied**. It is also recommended that this Court exercise its discretion, independent of Plaintiff's Motion to Remand, pursuant to § 1367 and controlling case law to decline further jurisdiction over this case and remand it to the Superior Court of New Jersey for further proceedings. The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to

28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/25/2013 1:20:21 PM

Date: April 25, 2013